UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 19-CV-21836-WILLIAMS
MAGISTRATE JUDGE REID

FRANK JAMES,

    Petitioner,

    v.

REBECCA KAPUSTA,
SEC'Y, DEP'T. OF CHILDREN &
FAMILY SERV.,
et al.

    Respondents.
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I.   Introduction

This matter is before the Court on Frank James' ("Petitioner") *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF 1). Petitioner challenges the legality of his involuntary civil commitment as a sexually violent predator at the Civil Commitment Center in Arcadia, Florida. (*Id.*). Petitioner claims that the State is barred by the statute of limitations or, alternatively, by the doctrine of laches from determining his involuntary civil commitment petition under Florida's Jimmy Ryce Act ("JRA"). (*Id.*).

This Cause was transferred to this Court by the United States District Court Middle District of Florida, in its discretion, (ECF 5) and has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636; S.D. Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2019-2; and the Rules Governing Section 2241 Cases in the United States District Courts.

Dismissal of this petition is warranted because Petitioner's civil commitment trial proceeding remains pending.

## II.   Discussion – Younger Abstention Doctrine

It is well settled that federal courts may not enjoin state court proceedings. *Younger v. Harris*, 401 U.S. 37, 41 (1971).  *Younger* concerned state criminal proceedings; however, its principles are "fully applicable to noncriminal judicial proceedings when important state interests are involved."  *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Accordingly, federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding.  *See Middlesex, supra.* With respect to the first *Middlesex* factor, the relevant inquiry is "whether the federal proceeding will interfere with an ongoing state court proceeding.  If there is no

interference, then abstention is not required." *31 Foster Children*, 392 F.3d at 1276; *Newsome v. Broward Cty. Pub. Defs.*, 304 F. App'x 814, 816 (11th Cir. 2008) (*per curiam*).

As to the instant proceeding, Petitioner is a convicted sex offender[1] who is currently being detained[2] under Florida's JRA, Fla. Stat. §§ 394.910-932, which establishes "a commitment procedure for the long-term care and treatment of sexually violent predators." *Id*. § 394.910. Petitioner's trial date is currently scheduled for September 20, 2019.[3] During the pendency of his civil commitment proceedings, Petitioner filed the instant § 2241 petition on April 29, 2019.

---

[1] In 1989, Petitioner was found guilty of various sexual assault crimes, including sexual battery with a weapon and kidnapping, in Miami-Dade County Case Nos. F-8-829514 and F-88-29515 and was sentenced to 30 years in prison plus a ten-year probation term. A brief procedural history was explained by the Middle District in its order transferring this case (ECF No. 5); therefore, the undersigned does not repeat those findings in this Report.

The online trial dockets of the underlying state criminal proceedings are found at the following web address: https://www2.miami-dadeclerk.com. Copies of the state court criminal and appellate dockets can be found online. *See* Fed. R. Evid. 201; *see also, United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) (finding the district court may take judicial notice of the records of inferior courts). The court also takes judicial notice of its own records in habeas proceedings, *McBride v. Sharpe*, 25 F.3d 962, 969 (11th Cir. 1994), *Allen v. Newsome*, 795 F.2d 934, 938 (11th Cir. 1986), together with the state records, which can be found online.

[2] On July 18, 2014, the state filed a petition to declare Petitioner as a sexually violent predator; and the trial court issued an order determining probable cause for the same. Review of the Florida's online Corrections Offender Network reveals that on January 1, 2015, Petitioner was released from custody on the underlying criminal conviction.

[3] The undersigned reviewed the online state docket on August 21, 2019, which states the trial date was reset to September 20, 2019. This is the third time the state court has rescheduled the trial date.

Petitioner's case also implicates an important state interest, "namely, Florida's need to ensure that violent sex offenders do not harm its citizens after the expiration of their incarcerative sentences." *Newsome*, 304 F. App'x at 816. Finally, Petitioner does not demonstrate that he unable to vindicate his constitutional rights, nor that he has been procedurally prevented from raising his federal claims in the state courts. In fact, Petitioner raised an identical claim in state court in a state habeas petition (*ex post facto* and statute of limitations) which the state court denied as meritless. (ECF No. 1-2:2-3). Petitioner availed himself of a meaningful opportunity to present his constitutional claims in state court. *See Pompey v. Broward County*, 95 F.3d 1543, 1551 (11th Cir. 1996). The fact that Petitioner's claims were unsuccessful on the merits is immaterial. (*Id*. at 1551 noting that "for abstention purposes, whether a claim would likely be successful on the merits in the state court is not what matters . . . [but rather] whether the plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts").

Petitioner has not yet been declared a sexually violent predator in need of commitment under the JRA because his trial has not yet been conducted. If found by the jury to meet the requirements for civil commitment, a final judgment of commitment would be entered. Then, Petitioner would have the right to appeal the decision and exhaust his constitutional claims in the state courts. Alternatively, it is

4

possible that Petitioner's trial may conclude in his favor and result in his release, upon which the petition would become moot.

### III.   Recommendations

Based on the foregoing, it is recommended that the petition for writ of habeas corpus (ECF 1) filed pursuant to 28 U.S.C. § 2241 be DISMISSED WITHOUT PREJUDICE to Petitioner's right to file a future petition if circumstances change.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report.  Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court judge except upon grounds of plain error or manifest injustice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Dated this 22nd day of August, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Frank James
      991534
      Florida Civil Commitment Center (FCCC)
      13619 SE Highway 70
      Arcadia, FL 34266
      PRO SE

Daniel Reeves Burke
Florida Department of Corrections
Office of the General Counsel
501 South Calhoun Street
Tallahassee, FL 32329
850-717-3613
Fax: 850-922-4355
Email: dburke1965@gmail.com